**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SHAHEED ALI,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 07-70467<br><br>Agency No. A095-566-617<br><br>MEMORANDUM[*] |
| SHAHEED ALI,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 07-70882<br><br>Agency No. A095-566-617 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2010[**]

Before:  SKOPIL, FARRIS and LEAVY, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Shaheed Ali, a native and citizen of Fiji, petitions for review of a decision issued by the Board of Immigration Appeals (BIA), summarily affirming an Immigration Judge's (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) relief. Ali also petitions for review of the BIA's denial of his motion to reopen based on changed country conditions. We deny the petitions for review.

## I.

Ali claimed he was persecuted in Fiji because of his Indo-Fijian ethnicity and his support for the Fijian Labor Party. Specifically, he testified he was assaulted by ethnic Fijians who also made threatening phone calls to his family and ransacked his home. The IJ credited Ali's testimony, but denied his application, reasoning that none of the incidents "rises to the level of persecution." The IJ also determined, alternatively, that even if Ali had establish past persecution, changed country conditions in Fiji rebutted the presumption of a well-founded fear of future persecution.

We agree with the IJ's alternative ruling. Record evidence demonstrated that conditions in Fiji changed after Ali's departure, and the IJ properly provided an individualized analysis of how these changed conditions rebutted Ali's fear of future persecution based on both his ethnicity and political opinion. *See* 8 C.F.R. §

1208.13(b)(1)(ii); *Mutuku v. Holder*, 600 F.3d 1210, 1213 (9th Cir. 2010).

Moreover, Ali spent seven additional months in Fiji without further incident and he chose not to relocate his work to New Zealand when he had the opportunity. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000) (noting petitioner remained in Fiji for some time without further incident); *Kumar v. Gonzales*, 439 F.3d 520, 524 (9th Cir. 2006) (noting petitioner's voluntary return to Fiji after he had relocated to New Zealand undermined his claim of persecution in Fiji).

Because Ali is ineligible for asylum, he also fails to meet the higher standard for withholding of removal. *See Valasco-Cervantes v. Holder*, 593 F.3d 975, 978 n.4 (9th Cir. 2010). Because he offered no evidence that he might be tortured if he returns to Fiji, "a reasonable factfinder would not be compelled to find [him] eligible for CAT relief." *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

**II**.

Ali moved to reopen his removal proceedings some three years after the IJ's decision, alleging that "country conditions . . . are worsening at the moment" and that he should be permitted to present evidence of these recent changes. We conclude the BIA did not abuse its discretion by denying the motion. *See Feng Gui Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009) (noting standard of review).

Although Fiji was apparently undergoing substantial political uncertainty, we agree with the BIA that the changes did not materially impact Ali's claim of a well-founded fear of persecution. *See Najmabadi v. Holder*, 597 F.3d 983, 992 (9th Cir. 2010) (noting petitioner seeking to reopen based on changes in country conditions must "provide evidence linked to her particular circumstances").

Ali also argues the BIA erred by not considering additional political changes in Fiji as set forth in yet another motion to reopen. The record indicates, however, the BIA did consider those changes in denying Ali's motion for reconsideration. There, the BIA acknowledged that a military coup occurred in Fiji and that certain restrictions had been placed on the media and individuals. Nonetheless, the BIA again correctly concluded the new evidence does not reflect changed circumstances that materially impact Ali's claim. *See id.*

**PETITIONS FOR REVIEW DENIED**.